[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE #119
The plaintiffs, the estate of Gerald A. Barstowe by administratrix Audrey M. Lyles, Audrey M. Lyles, individually, and Ashley Wallace, Whitney Little and Para Little, by and through Audrey Lyles, filed a fifteen-count substituted amended complaint on June 19, 1998 against the defendants, the City of Stamford (city) and Stephen L. Elkins (Elkins). The plaintiffs allege that on July 4, 1995, Gerald Barstowe died as a result of CT Page 10536 a swimming accident at Southfield Park in Stamford, which included Southfield Beach. The decedent was the son of the administratrix and the brother of Ashley Wallace, Whitney Little and Para Little. While swimming, the decedent began to exhibit signs of distress and called for help before submerging below the water. Each of the plaintiffs became aware that the decedent was in distress and needed assistance, and witnessed the decedent's body being removed from the water and subsequent attempts to resuscitate him. The estate of the decedent alleges in count one that the city was negligent in failing to provide at Southfield Park (1) adequate supervision, (2) lifeguards, (3) warnings that swimming was prohibited, (4) signs indicating that no lifeguard was on duty, (5) adequate means of communication in the event of an emergency, (6) signs indicating directions to the nearest telephone, first aid unit and resuscitation unit, or emergency telephone numbers, (7) water rescue equipment, and (8) a fence or other barricade preventing people from using the beach and from entering the water. The estate of the defendant alleges in count two that he decedent's death was caused by the negligence of Elkins for the reasons enumerated above. The decedent's estate alleges in count three that despite the existence of the conditions outlined above, the city opened the park, thereby creating a nuisance. Counts four, seven, ten and thirteen reallege that the decedent's death was caused by the negligence of the city for the reasons enumerated above, and allege derivative bystander emotional distress claims. Counts five, eight, eleven and fourteen reallege the negligence claims made against Elkins for the reasons enumerated above, and allege derivative bystander emotional distress claims. Counts six, nine, twelve and fifteen allege nuisance claims against the city for the reasons enumerated above, and allege derivative bystander emotional distress claims.
On June 29, 1998, the defendants filed a motion to strike the derivative bystander claims in counts four through fifteen on the grounds that the nuisance counts fail to state distinct claims from the claims of negligent infliction of emotional distress,[1] and the negligent infliction of emotional distress claims fail to allege that the bystander plaintiffs observed the injury inflicted upon the decedent, or were otherwise contemporaneously affected. The plaintiffs filed a memorandum in opposition to the defendants' motion to strike on July 15, 1998. The matter was heard by the court on August 3, 1998. CT Page 10537
 DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted. . . [The court] must take as true the facts alleged in the plaintiff's complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Peter-Michael, Inc. v. Sea Shell Associates,244 Conn. 269, 270-71, 709 A.2d 558 (1998).
 Requirement of "Sensory Perception" To Sustain Bystander Claims In Counts Four Through Fifteen
The defendants argue that all of the bystander claims (counts4-15) are legally insufficient. The defendants contend that in addition to requiring a close relationship, Clohessy v. Bachelor,237 Conn. 31, 675 A.2d 852 (1996), in which the Supreme Court first recognized a cause of action for bystander emotional distress, requires that the emotional injuries be "caused by the contemporaneous sensory perception of the event or conduct that causes the injury or by arriving on the scene soon thereafter and before substantial change has occurred in the victim's condition or location. . ." (Citations omitted.) Clohessy v. Bachelor,supra, 237 Conn. 56. The defendants assert that the plaintiffs have failed to plead facts showing that they observed the decedent in distress, or any aspect of the injuries sustained by the decedent. The defendants contend that the substituted allegation that the plaintiffs witnessed the decedent's body being removed from the water and subsequent attempts to resuscitate him does not satisfy the contemporaneous sensory perception requirement in Clohessy. The defendants' argument is based on the premise that resuscitation indicates that an injury has already taken place, and that observation of unsuccessful efforts to revive a victim is not an observation of the infliction of an injury nor observation of the conduct of the tortfeasor. Further, the defendants argue, the plaintiffs did not witness the resuscitation efforts until over an hour after the decedent submerged into the water. Finally, the defendants contend that the requirement that the plaintiffs observe the victim immediately after injury without any material change is not satisfied. The defendants contend that the removal of the CT Page 10538 decedent's body from the water necessarily constituted a material change in its location and condition.
The plaintiffs counter that each of the plaintiffs were at Southfield Park at the time of the drowning and throughout the failed rescue, and became aware of the decedent's distress when the decedent's swimming companion emerged from the water. The plaintiffs also argue that each plaintiff saw the decedent's body when it was pulled from the water and the subsequent attempts to revive him. The plaintiffs contend that these allegations satisfy the contemporaneous sensory perception requirement discussed inClohessy and this court's ruling on the defendants' motion to strike #108 in Lyles v. Stamford, Superior Court, judicial district of Superior Court, Docket No. 340593, 22 CONN. L. RPTR. 268 (June 11, 1998, Skolnick, J.).
The court finds that the plaintiffs have pleaded facts which satisfy the contemporaneous sensory perception requirement ofClohessy. The plaintiffs now allege that they actually saw the decedent's body being pulled from the water by rescue personnel, which this court opined would satisfy the contemporaneous perception requirement under Clohessy. See Lyles v. Stamford,supra, Superior Court, Docket No. 340593, 22 CONN. L. RPTR. 268 (plaintiffs failed to allege facts indicating that they contemporaneously observed the decedent under distress in the water, or that they saw the decedent immediately after he was pulled from the water by rescue personnel). This allegation satisfies the requirement of "viewing the victim immediately after the injury causing event if no material change has occurred with respect to the victim's location and condition."Clohessy v. Bachelor, supra, 237 Conn. 52. Under the circumstances here, the decedent's injury took place in the water and continued as he submerged beneath the water. The decedent's body was removed from this location an hour later, ostensibly in the same condition in which it was when it submerged. Furthermore, the removal of the body from under the water onto the beach for rescue efforts is not a material change in location. It is necessary to remove a victim from beneath the water in such a situation, thereby changing his or her location. Yet this necessity should not preclude those in the plaintiffs' position who are continually aware that a loved one has possibly drowned but are forced to wait on the shore until rescue personnel are able to locate the victim. Accordingly, the defendants' motion to strike the bystander emotional distress claims on the ground that the pleadings fail to satisfy the contemporaneous sensory perception requirement is denied. CT Page 10539
 B. Nuisance-Based Bystander Claims In Counts Six, Nine, Twelve and Fifteen
The defendants argue that there is no separate cause of action for nuisance-based bystander claims, since such a claim has not been recognized by the Connecticut Supreme Court. The defendants also contend that the Clohessy requirement that the claimant be closely related to the victim is at odds with the nuisance requirement that the plaintiff be exercising a right of the general public. The defendants reason that the requirement of a close personal relationship precludes any suggestion on the part of the plaintiffs that their injuries were sustained as members of the public.
The plaintiffs argue that their bystander claims are derivative in nature, and that there is no reason why such a claim may not derive from a nuisance cause of action. The plaintiffs also argue that the nuisance alleged here can be based on a theory of negligence, and that the plaintiffs' bystander claims were a foreseeable injury based on the defendants' conduct. Finally, the plaintiffs urge that any member of the public using Southfield Beach on July 4, 1995 could have drowned, with the result that the victim's close family members would suffer emotional distress.
The claim of bystander emotional was recognized in Clohessy. where the court clearly drew the boundaries of such a claim: "Under certain circumstances, which are hereinafter delineated, we conclude that a tortfeasor may owe a legal duty to a bystander. Consequently, a tortfeasor who breaches that duty through negligent conduct may be liable for a bystander's emotional distress proximately caused by that conduct." (Emphasis added.) Clohessy v. Bachelor, supra, 237 Conn. 46.
"Attractive as it may be to create a new cause of action for and on behalf of all persons who sustain economic or personal loss by virtue of their relationship with the injured party . . . it is not the function of the trial court to create causes of action. These matters must be left to the legislature, or by the Supreme Court's modification of the cause of action initially recognized by that court." Moreira v. Tamura, Superior Court, judicial district of Danbury at Danbury, Docket No. 324663 (May 20, 1997, Stodolink, J.). Accordingly, the defendants' motion to CT Page 10540 strike counts six, nine, twelve and fifteen is granted, as bystander emotional distress claims cannot be based on nuisance.
Therefore, the defendants' motion to strike counts four, five, seven, eight, ten, eleven, thirteen and fourteen for failure to state a claim for bystander emotional distress are denied; the defendants' motion to strike counts six, nine, twelve and fifteen are granted.
SKOLNICK, J.